*12-4181-cr*
*United States v. Melendez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of January, two thousand fourteen.

PRESENT:
> **RICHARD C. WESLEY,**
> **PETER W. HALL,**
> **DENNY CHIN**
> > *Circuit Judges.*

_____

**UNITED STATES OF AMERICA,**

> *Appellee,*

> v.                                             **12-4181-cr**

**JUAN CARLOS MELENDEZ,**

> *Defendant-Appellant.*

_____

**FOR DEFENDANT-APPELLANT:** RANDOLPH Z. VOLKELL, Merrick, NY.

**FOR THE UNITED STATES:** DEBORAH R. SLATER (Robert M. Spector, *on the brief*), Assistant United States Attorneys, *for* Dierdre M. Daly, Acting United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgement of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgement of the district court is **AFFIRMED**.

Defendant-Appellant Juan Carlos Melendez appeals his sentence following his plea of guilty to a single count of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). He and the government agreed that the sentencing guidelines recommended a 210-262 month sentence, but that the statutory maximum was 240 months. The district court rejected the applicability of one sentencing enhancement agreed to by the parties, and recalculated the guidelines at 168-210 months. The court then sentenced Melendez to 168 months' imprisonment. Melendez now appeals his sentence and we affirm. In explaining our decision, we assume the parties' familiarity with the case.

Melendez's sole argument is that his sentence is substantively unreasonable. Our substantive review of district court sentencing is deferential. We reverse "only those sentences that are . . . shockingly high, [or] shockingly low." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). We have recognized that "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Nonetheless, we have declined to establish a presumption of reasonableness for guidelines sentences. *United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010).

In this case, the district court carefully considered the guidelines, weighed the facts, and imposed a sentence that was below what the guidelines would have called for in the absence of a statutory maximum. The district court found that Melendez showed little remorse for his actions and that he was likely to re-offend if he were released. The court also found that Melendez was more than a mere passive recipient of his contraband, unlike other child pornography defendants who had received more lenient sentences. As Melendez points out, there are a number of factors in his case that favored a lenient sentence. However,

it is undisputed that the court considered these. In light of all of the district court's factual findings, we have no trouble concluding that Melendez's sentence was reasonable.

For the foregoing reasons, we **AFFIRM** the district court's judgement.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk